IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VENTURE COMMODITIES, INC.,<br>Plaintiff,<br>v.<br>CITY OF CANTON, GEORGIA; BILLY PEPPERS; and DAVID HATABIAN;<br>Defendant(s). | Civil Action No.: 1:24-cv-01041JPB |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff, Venture Commodities, Inc. ("VCI") has alleged separate violations of the Fifth Amendment Takings Clause under 42 U.S.C. § 1983: first, when the City of Canton ("City") revoked VCI's water discharge permit and second, for the City's refusal to renew or grant a new permit after the existing permit expired. VCI has also alleged a third violation of the Fifth Amendment Takings Clause by way of exaction by the City.

Defendant generally denies the allegations and has moved to dismiss the complaint for failure to state a claim and qualified immunity for the remaining two individual defendants.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Response:

The relevant issues in this case are as follows: VCI operates a processing facility that heavily relies on the use of a water discharge permit, issued by the City of Canton, for the safe, efficient, and effective disposal of wastewater. VCI has maintained unbroken use of that permit since it was first issued in 2003. The permit allows VCI "to discharge process wastewater to the City of Canton sewer from the outfall" numbered 001 located at the "[m]anhole at north end of plant near the edge of Goss Street." Outfall 001 is located in the intersection of Goss Street and Longview Street in Canton, Georgia and shared by both VCI and nearby bakery, La Luna Panaderia.

On Thursday March 9, 2023, VCI discovered the City's sewer was backing up. When the levels did not subside as of the following Monday, VCI alerted the City. In an email to the mayor, city manager Billy Peppers, then announced his intention to "shut down" VCI and stated there "is an ordinance that places this under my control for review." That ordinance is Section 114-317(a) which requires the city manager assert which of the thirteen enumerated grounds under Section 114-317(b) the city may revoke, suspend, or deny a discharge permit. And then "[i]f after the hearing the city manager finds that any one of the conditions hereinafter enumerated in subsection (b)…exists," then the city manager may take action to revoke or deny a permit.

Despite his acknowledgement of the ordinance, on March 15, 2023, Peppers revoked VCI's permit rights by letter without invoking any of the grounds listed in

Section 114-317(b), without an investigation, and without the required hearing. In the following months, Peppers and utility engineer David Hatabian refused to provide any basis for revoking the permit and made false representations that the permit would be reinstated if VCI met certain conditions. In August of 2023, Hatabian imposed the condition that VCI must clean the City's sewers to reinstate the permit.

When VCI complied with the condition, they finally discovered the sewer obstruction was due to the nearby bakery's discharges, not VCI. Upon this discovery, the City ordered VCI to stop all its remedial work. The City then undertook a massive overhaul of the adjacent sewer line immediately after VCI stopped said work.

Once that permit's term ended in November of 2023, the City again failed to hold a hearing under Section 114-317(a) to make a finding as to why it would not renew that permit or why it would deny a new permit. The City initially said the renewal application was untimely, which is not a basis for the denial of a permit under city ordinance Section 114-317(a—b).

The City also issued several criminal citations to VCI's president, similarly without explanation. At the same time, the City held the threat of criminal prosecution over VCI's president until the first permit's full term expired and then dropped those charges without further explanation. As a result, VCI lost substantial business and lost profits due the extra expenses incurred from the loss of its permit rights.

Defendant's Response:

Venture Commodities is a fats, oils, and grease reclamation service that processes byproducts and waste from other businesses and makes the product available for uses as bio-diesel or other alternative uses. On or about March 9, 2023, they apparently had a back up of the sewer line adjacent to their site in the City of Canton. They reported this issue to the city 4 days later. The City also learned during this period that the facility did not have a licensed operator on site at all operational times to supervise the work being performed, which is a condition of the permit. Finally, on at least one prior occasion, the waste product from Plaintiff's plant overwhelmed the City's wastewater treatment plant and cause a temporary loss of treatment capacity due to Plaintiff's operations dumping more than the permitted amount of waste into the City's system. As a result of the information available to the City, based on inspections and other meetings with Plaintiff's representatives, the City suspended Plaintiff's permit to discharge its waste into the City's water system.

When the permit came due for renewal, Plaintiff was late turning in the application for renewal. Accordingly, the application was denied. It was then considered as a new permit and again denied. Each denial was based on the inspections and conversations

with Plaintiff's representatives, the consideration of the City's ordinances, and all of the facts available to the City Manager in determining whether Plaintiff was capable of performing under the terms of the City's permit.

There is no record in the City's files recording an easement for the wastewater line from adjacent to Plaintiff's facility and the City's sewer lines in the right of way of Goss Street. Similarly, there are no records of the construction of this sewer line by the City in its Records. Thus, it does not appear the location of the sewer line is in fact the City's responsibility at all.

**(c) The legal issues to be tried are as follows:**

Plaintiff:

1. Whether the City of Canton violated 42 U.S.C. § 1983 and the Fifth Amendment Takings Clause of the United States Constitution when it revoked the water discharge permit without any determination of fault while violating Canton ordinances.
2. Whether the City of Canton violated 42 U.S.C. § 1983 and the Fifth Amendment Takings Clause of the United States Constitution when it denied the renewal of the prior permit and denied the grant of a new water discharge permit without any determination of fault while violating Canton ordinances.
3. Whether the City of Canton violated the Fifth Amendment Takings Clause of the United States Constitution by exacting unreasonable conditions on the

reinstatement of a city permit.

4. Whether requiring certain conditions, most notably, that VCI was required to clean City sewers amounts to an exaction.
5. What damages VCI incurred as a result of the alleged conduct by the City of Canton, Peppers, and Hatabian.

<u>Defendant:</u>

Without waiving any defenses asserted in its pending Motion to Dismiss, or any Answer and Defenses that may be filed in the future, Defendant submits the following:

1. Whether Plaintiff possesses a recognized property interest in waste discharge permits issued by the City of Canton?
2. Whether the alleged denial of due process amounts to an unconstitutional taking under the Fifth Amendment to the United States Constitution?
3. Whether the enforcement of unchallenged ordinances constitutes a regulatory taking of real property rights?
4. Whether the City owns the sewer that was clogged as a result of Plaintiff's discharge of inadequately treated waste?
5. Whether Plaintiff had been operating in violation of its permits for a period of time prior to any action being taken by the City or its officials?
6. Whether Defendants Peppers and Hatabian were acting within their discretionary authority at the time of the acts complained of by Plaintiff?

7. Whether any policy, practice, pattern, or procedure of the City of Canton caused any harm Plaintiff claims to have suffered?

8. Whether Defendants Peppers and Hatabian violated any clearly established law that put them on reasonable notice that what they were doing in the circumstances violated Plaintiff's constitutional rights?

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

There are no pending related cases to this matter.

**(2) Previously Adjudicated Related Cases:**

There are no previously adjudicated related cases.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

______ (1) Unusually large number of parties
__x__ (2) Unusually large number of claims or defenses
______ (3) Factual issues are exceptionally complex
______ (4) Greater than normal volume of evidence
______ (5) Extended discovery period is needed
______ (6) Problems locating or preserving evidence
______ (7) Pending parallel investigations or action by government
__x__ (8) Multiple use of experts
______ (9) Need for discovery outside United States boundaries
__x__ (10) Existence of highly technical issues and proof
______ (11) Unusually complex discovery of electronically stored information

**3. Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:
Xavier Romero
xromero@fcwlawfirm.com
Georgia Bar No.: 303588
FLINT, CONNOLLY & WALKER, LLP
131 E. Main Street
Canton, GA 30114
770/720-4411

Defendant:

Christopher D. Balch
Georgia Bar No. 034015
THE BALCH LAW GROUP
830 Glenwood Ave., SE
Suite 510-220
Atlanta, GA 30316
404/202-5934
678/228-1885 (fax)
chris@balchlawgroup.com

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____Yes __x__No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

At this time, there are no necessary parties who have not been joined.

**(b) The following persons are improperly joined as parties:**

At this time, there are no parties who have been improperly joined.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

At this time, all parties have been accurately stated.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)** List separately any amendments to the pleadings that the parties anticipate will be necessary:

At this time, neither party anticipates any further amendments to the pleadings.

**(b)** Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The Parties will serve their initial disclosures on or before June 14, 2024.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Discovery will concern the following subjects:

1. Discernment regarding the location and operation of all sewer systems implicated in the allegations.
2. The ownership of all sewer systems implicated in the allegations.
3. If the City ever conducted an investigation into the events of March 2023, alleged in the complaint, which resulted in the revocation of VCI's permit.
4. A history of the City's maintenance of its sewer system.
5. The determinations (if any) of any investigation (if any) into the relevant events of March 2023, alleged in the complaint.
6. The actual cause of the sewer blockage that perpetuated the events of March 2023, alleged in the complaint, to potentially include any engineering reports.
7. If hearings were ever held pursuant to Section 114-317(a) regarding the revocation of VCI's permit and the denial of its renewal or application for a new permit.
8. The purpose of the City's intent to "shut down" VCI.
9. The basis of the City's criminal charges against VCI's president and its failure to prosecute those charges until they were dropped ten months later.
10. The City's basis for terminating VCI's permit rights.

11. The City's basis for denying VCI's second permit application.

12. Whether the City provided just compensation to VCI for the loss of its permit rights.

13. All conditions imposed upon VCI to reinstate its discharge permit.

14. The amount of damages incurred by VCI as a result of the alleged misconduct by the City, Peppers, and Hatabian.

The Parties believe an eight-month discovery track is appropriate given the technical aspects of this case. Additionally, the parties propose the following schedule related to commencing discovery and expert witnesses:

1. Defendants' Answer will be filed within 14 days of the ruling by the Court denying any part of the pending Motion to dismiss.
2. Discovery will begin 30 days after the filing of Defendants' Answer.
3. Plaintiff shall disclose and serve Rule 26 reports of their experts within 5 months of the start of discovery.
4. Defendants shall disclose and serve Rule 26 reports of any experts within 30 days of the disclosure of any expert by Plaintiff.
5. All depositions, including experts, will be complete by the end of the discovery period.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

This case involves the complexity of a municipal sewer system, its ownership, and its historical maintenance. The parties anticipate a number of expert witnesses may be necessary to explain the operations of the city water disposal scheme as well as the effects of the nearby businesses upon that sewer system and surrounding environmental impact.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)** What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

No other limitations should be imposed.

**(b)** Is any party seeking discovery of electronically stored information?

____x___ Yes ________ No

If "yes,"

**(1)** The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The source and scope of production shall be no more and no less than that provided by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**(2)** The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties agree to provide all written discovery in PDF format with Bates

numbering to be serial and continuous throughout this litigation. When possible, if emails are produced in response to discovery requests, they shall be converted from its source (i.e., Outlook, Gmail, Ymail, etc.) into PDF format as opposed to physically printing and scanning the email to be produced.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Pursuant to Rule 16(c)(2)(I) of the Federal Rules of Civil Procedure and LR16.7, NDGa, Plaintiff believes, early alternative dispute resolution may resolve some, if not all of the issues in this action, without prejudice to any subsequent attempts to reach a final resolution. Plaintiff therefore requests this Court refer this matter for mediation instanter.

**13. Settlement Potential:**

**(a)** Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 6, 2024, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:** **Lead Counsel:** [signature] ____________________

**Other Participants:** Michael P. Bain

**For Defendants:** **Lead Counsel :** */s/ Christopher D. Balch*

**(b)** All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( x ) A possibility of settlement before discovery.
( x ) A possibility of settlement after discovery.

(______) A possibility of settlement, but a conference with the judge is needed.
(______) No possibility of settlement.

**(c)** Counsel ( __ ) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is ____________, 20___.

**(d)** The following specific problems have created a hindrance to settlement of this case.

None at this time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

**(a)** The parties (______) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____________ day ____________________, of 20___.

**(b)** The parties (__x__) do not consent to having this case tried before a magistrate judge of this Court.



_______________________________
Counsel for Plaintiff

*/s/ Christopher D. Balch*
_______________________________
Counsel for Defendant

* * * * * * * * * * * * *

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

______________________________________________________________________

______________________________________________________________________

IT IS SO ORDERED, this ______________ day of ______________________, 20____.

____________________________________
UNITED STATES DISTRICT JUDGE